IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

GREGORY MICHAEL HERNANDEZ, )
)
      Petitioner, )
)
)   CIV-15-436-R
v. )
)
JASON BRYANT, Warden, )
)
      Respondent. )

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner is challenging the convictions entered against him in the District Court of Cleveland County, Case No. CF-2007-1037. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the following reasons, it is recommended that the Petition be DISMISSED upon filing for lack of jurisdiction.

In Case No. CF-2007-1037, Petitioner was convicted in a jury trial of three counts of rape by instrumentation of a victim under age fourteen, one count of second-degree rape of a victim under age sixteen; one count of first-degree rape of a victim under age fourteen; and two counts of engaging in a pattern of criminal offenses. Petitioner was sentenced to consecutive sentences for these offenses of three 20-year terms of imprisonment, one 15-year term of imprisonment, and life imprisonment for the sexual assault convictions, respectively,

1

with all of the sentences to be served consecutively. Petitioner was also sentenced to two 2-year terms of imprisonment for the pattern of criminal offense counts, to run concurrently with each other and consecutively to the rape counts.

Petitioner appealed the convictions and sentences, and the Oklahoma Court of Criminal Appeals ("OCCA") affirmed the convictions and sentences in an unpublished opinion entered December 16, 2010, Hernandez v. State, No. F-2008-1048 (Okla. Crim. App. 2010)(unpublished).

Petitioner filed a previous 28 U.S.C. § 2254 petition for writ of habeas corpus in this Court on November 14, 2011, challenging his convictions and sentences in Case No. CF-2007-1037. In Gregory Michael Hernandez v. David Parker, Warden, Case No. CIV-11-1356-R, Petitioner asserted eight grounds for habeas relief: (1) improper exclusion of evidence of prior false allegations and unreasonable restriction of cross-examination; (2) insufficient evidence to support the convictions; (3) improper exclusion of evidence that the victims' mother (Petitioner's common-law wife) had put her daughters up to lying about the alleged abuse; (4) improper admission of opinion testimony; (5) improper admission of evidence of other crimes and bad character; (6) prosecutorial misconduct; (7) excessive sentence; and (8) cumulative errors.

The cause was referred to former United States Magistrate Judge Roberts. Judge Roberts entered a Report and Recommendation in the case on November 21, 2012, recommending that the Petition be denied. The Report and Recommendation was adopted by United States District Judge Russell in an Order and Judgment entered December 12,

2012.

Petitioner appealed this Court's decision to the United States Court of Appeals for the Tenth Circuit. In an Order Denying Certificate of Appealability entered April 16, 2013, the appellate court affirmed this Court's decision. Hernandez v. Parker, 524 Fed. App'x. 401 (10th Cir. 2013)(unpublished order), cert. denied, __ U.S. __, 134 S.Ct. 1319 (2014).

Because Petitioner has previously sought habeas relief with respect to the convictions and sentences he is attempting to challenge herein, the instant habeas action is a successive habeas petition over which this Court lacks jurisdiction.

"The filing of a second or successive §2254 application is tightly constrained by the provisions of the [Antiterrorism and Effective Death Penalty Act]." Case v. Hatch, 731 F.3d 1015, 1026 (10th Cir. 2013). "Before a second or successive [§ 2254] application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). If the petitioner does not follow this directive, the district court lacks jurisdiction to consider an unauthorized second or successive petition. See In re Cline, 531 F.3d 1249, 1251 (10th Cir. 2008)(*per curiam*).

Petitioner has not shown that he obtained authorization to proceed with this successive Petition. Under these circumstances, this Court must determine whether to transfer the unauthorized second or successive habeas action to the Tenth Circuit Court of Appeals in the interest of justice. 28 U.S.C. § 1631. Because the instant Petition is time-barred, it would not further the interest of justice to transfer the action to the appellate court.

3

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, effective April 24, 1996, imposes a one-year period of limitation on the filing of a habeas corpus petition by a state prisoner challenging a state conviction. 28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(1)(A), the one-year limitation period begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."[1] The one-year time limit is tolled while "a properly filed application for State post-conviction, or other collateral review with respect to the pertinent judgment or claim, is pending." 28 U.S.C. § 2244(d)(2).

Petitioner's conviction became "final" pursuant to 28 U.S.C. § 2244(d)(1)(A) on March 16, 2011, when the time for Petitioner to seek certiorari of the OCCA' decision in the United States Supreme Court expired.[2] Locke v. Saffle, 237 F.3d 1269, 1272 (10th Cir. 2001)("Under the statute, a petitioner's conviction is not final and the one-year limitation period for filing a federal habeas petition does not begin to run until ...'after the United States Supreme Court has denied review, or, if no petition for certiorari is filed, after the time for filing a petition for certiorari with the Supreme Court has passed.'")(quoting Rhine v. Boone, 182 F.3d 1153, 1155 (10th Cir. 1999)).

The statutory limitations period prescribed in 28 U.S.C. § 2244(d)(1) began on March 17, 2011, and expired one year later on March 17, 2012. Petitioner asserts in the Petition that

---

[1] None of the alternative circumstances described in § 2244(d)(1) for commencement of the limitations period are applicable.

[2] See Rule 13.1, Rules of the Supreme Court (applicant for certiorari has 90 days from date of judgment to file petition for writ of certiorari); 28 U.S.C. § 2101(d).

4

he filed a post-conviction application in the district court, that application was denied on December 18, 2014, and the OCCA declined to exercise jurisdiction and dismissed the appeal on February 6, 2015. Petitioner has not demonstrated that he filed his post-conviction application during the one-year limitations period. Therefore, the state court post-conviction proceeding did not toll the running of the one-year limitations period under 28 U.S.C. §2244(d)(2) because the application was filed after the limitations period expired.

Assuming that Petitioner is asserting that the untimeliness of his Petition should be excused on equitable grounds, it is true that the 28 U.S.C. § 2244(d)(1) limitations period "is subject to equitable tolling" in extraordinary circumstances. Holland v. Florida, 560 U.S. 631, 645 (2010); Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998)(one-year limitations period may in rare and extraordinary circumstances be equitably tolled).

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). Extraordinary circumstances that warrant equitable tolling of the limitations period may include "a constitutional violation [that] has resulted in the conviction of one who is actually innocent or incompetent." Miller, 141 F.3d at 978.

The Supreme Court has recognized that "actual innocence, if proved, serves as a gateway through which a petitioner may pass" to obtain federal habeas review of a petition after the expiration of the statute of limitations. McQuiggin v. Perkins, __ U.S. __, 133 S.Ct. 1924, 1928 (2013). The actual-innocence gateway is "rare: '[A] petitioner does not meet the

threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" Id. (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)). Actual innocence means "factual innocence not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998).

Petitioner does not allege actual innocence. Rather, Petitioner asserts only that he believes he was denied effective assistance of trial counsel and that he "suffer[ed] prejudice by counsel's deficient performance." Petition, at 14 (ECF page number 13). Petitioner also alleges in the Petition that the trial judge was biased and that there was insufficient evidence presented at his trial to support the rape conviction(s). Petitioner has not made a credible allegation of his actual innocence. Nor has Petitioner demonstrated that he "diligently pursue[d] his claims and . . . that the failure to timely file was caused by extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000).

Consequently, Petitioner is not entitled to equitable tolling of the now-expired limitations period, and his Petition is untimely. In light of the untimeliness of the Petition, the interest of justice would not be furthered by a transfer of the action to the appellate court for consideration of a request for authorization to file a second or successive habeas action. The instant action should therefore be dismissed for lack of jurisdiction.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of

Habeas Corpus pursuant to 28 U.S.C. § 2254 be DISMISSED for lack of jurisdiction as an unauthorized successive and untimely action. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by  May 18th , 2015, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this   27th   day of   April  , 2015.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE